Submitted May 29; remanded for resentencing, otherwise affirmed
October 14, 2020

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

JAMES ROBERT BLITCH,
*Defendant-Appellant.*

Baker County Circuit Court
18CR32691; A168869

475 P3d 120

Gregory L. Baxter, Judge. (Judgment)

Russell B. West, Senior Judge. (Amended Judgment)

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Andrew D. Robinson, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Jennifer S. Lloyd, Assistant Attorney General, filed the brief for respondent.

Before Armstrong, Presiding Judge, and Tookey, Judge, and Kistler, Senior Judge.

PER CURIAM

Remanded for resentencing; otherwise affirmed.

**PER CURIAM**

Defendant appeals a judgment convicting him of coercion and fourth-degree assault. Defendant raises two assignments of error. We reject without written discussion defendant's first assignment, in which he asserts that the trial court erred in denying his motion for judgments of acquittal. As for defendant's second assignment, defendant contends that the sentence that the trial court imposed constitutes plain error. ORAP 5.45(1). Defendant argues that the 36-month post-prison supervision (PPS) term imposed on his 31-month prison term for coercion exceeds the statutory maximum: Coercion is a Class C felony (ORS 163.275(2)) that has a maximum indeterminate sentence of five years (ORS 161.605(3)), and defendant's total sentence of 67 months exceeds that maximum sentence length by seven months. *See* OAR 213-005-0002(4) ("The term of post-prison supervision, when added to the prison term, shall not exceed the statutory maximum indeterminate sentence for the crime of conviction."). The state concedes that the trial court committed plain error by imposing a PPS term that, when combined with defendant's prison term, exceeds the statutory maximum sentence for the coercion conviction. We agree and accept the state's concession. Further, because the gravity of the error to defendant—seven months of unlawfully excessive PPS—is significant, we exercise our discretion to correct the error.

Remanded for resentencing; otherwise affirmed.